UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WILLIAM PETAWAY
      Plaintiff

VS.                                                    C.A. No. 11-497-ML

C/O DUARTE, et al
      Defendants

## ORDER ON PLAINTIFF'S MOTION FOR TRANSFER

Before this Court is a motion (Doc. #18) filed by Plaintiff William Petaway, an inmate at the Adult Correctional Institutions (the "ACI") in Cranston, Rhode Island, requesting that he be transferred to a different cellblock.[1] Defendants have objected to the motion. See Defendant's Objection to Plaintiff's Motion to [sic] for Change of Cell Assignment" (Doc. #20). For the reasons that follow, the motion is denied.

## BACKGROUND

The instant motion stems from one of the claims asserted in the instant civil rights action.[2] In his motion, Plaintiff asserts that he has recently been moved from "E mod" to "F mod," where one of the defendants, C/O Duarte, is the "head officer." Motion at 1-2. Plaintiff

---

[1] Plaintiff's motion is entitled "Motion for Order to "Move" Plaintiff out [of] mod with Defendant Duarte as Plaintiff['s] safety at risk" (Doc. # 18) (hereinafter, motion for transfer) and is accompanied by his Affidavit, see Aff. of William Petaway (Doc. #19).

[2] Plaintiff's *pro se* complaint (Doc. #1) seeks declaratory and injunctive relief and damages pursuant to 42 U.S.C. §1983 and related statutes. In his complaint Plaintiff alleges *inter alia*: (1) that he was the subject of a false booking arising from his involvement in an altercation between a correctional officer and another inmate; (2) that his head phones and beard trimmer were either lost or confiscated by another correctional officer; and (3) that still another correctional officer, C/O Duarte, purposely told other inmates that Plaintiff was a "snitch," thereby placing him in danger of serious physical injury. The complaint names six ACI correctional officers as defendants: C/O Duarte, C/O Addison, C/O Allard, C/O Manning, C/O Leduc, C/O Klaus and Captain Heading.
    Defendants filed a motion to dismiss the complaint (Doc. #6), and Plaintiff has moved to amend or correct his complaint (Doc. #15). In a separate Memorandum and Order issued this date, this Court has granted Defendants' motion to dismiss the complaint and denied plaintiff's motion to amend. See Mem. and Order dated May 22, 2012.

1

further alleges that his re-assignment to the 'F mod' cellblock area has placed his physical safety in jeopardy because C/O Duarte is known as a "set up master" and has informed other inmates that Plaintiff is a 'snitch,' thereby placing him in danger of attack from those inmates. Id. Plaintiff further asserts that since Duarte has received notice of the instant suit, he has resumed talking to other inmates in the "F mod" cellblock (including former gang members) about Plaintiff, thereby placing his safety in danger. Id. at 3.

Plaintiff also asserts that on March 30, 2012, Duarte angrily spoke with Plaintiff because Duarte was upset that he was the subject of a complaint by another inmate concerning an incident which Plaintiff witnessed and that as a result, Plaintiff is in fear that Duarte will retaliate against him. Petaway Aff. ¶¶ 2-4. Plaintiff seeks an order directing prison officials to move him to a different cellblock.

## DISCUSSION

As a threshold matter, this Court notes that the claim in the instant motion is virtually identical to one of the claims asserted in Plaintiff's complaint -- namely, the claim that C/O Duarte had previously labeled Plaintiff as a 'snitch' to other inmates, thus placing Plaintiff in danger of being attacked by other inmates. See Cmplt. ¶¶ 43-44. In its companion ruling issued this date, this Court has determined that the complaint must be dismissed, as none of the claims asserted therein, including the claim against Duarte, state a claim on which relief may be granted. See Mem. and Order dated May 22, 2012. Thus, as a threshold matter, the instant motion may be denied for the reasons expressed in this Court's discussion of that claim in its Memorandum and Order dismissing the complaint. See id. at 7-10.

Moreover, even if the allegations concerning C/O Duarte were facially plausible, the motion for injunctive relief would still fail. A party seeking a preliminary injunction must

2

show: (1) a substantial likelihood of success on the merits; (2) a significant risk of irreparable harm if the injunction is denied; (3) the harm he will suffer outweighs any harm to Defendants if the injunction is granted; and (4) the preliminary injunction will promote the public interest. See McGuire v. Reilly, 260 F.3d 36, 42 (1st Cir.2001). "A failure to meet any one of the four requirements will result in a denial of the motion." Lopez v. Wall, No. CA 09-578-S, 2011 WL 3678686 at *1 (D.R.I. Aug. 22, 2011) (internal quotations omitted).

Here, plaintiff's motion fails as to several of these factors. First, his motion and affidavit do not show a likelihood of success on the merits. Under established constitutional law, while prison officials have an obligation to protect prisoners from violence at the hands of other inmates, not every injury suffered by one prisoner at the hands of another translates into constitutional liability for prison officials. See Farmer v. Brennan, 511 U.S. 825, 833-34 (1994); Burrell v. Hampshire County, 307 F.3d 1, 7-8 (1st Cir. 2002). Rather, the liability of such officials is established under a two-part test. First, there must be a showing that the inmate is incarcerated under conditions objectively "imposing a substantial risk of serious harm." See Burrell, 307 F.3d at 8 (citing Farmer, 511 at 834). Second, the official involved must have had a sufficiently culpable state of mind, described as "deliberate indifference" to the inmate's health or safety. Id. To establish deliberate indifference, there must be a showing that the prison official was "aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," and that he "also dr[e]w the inference." Id. (citing Farmer, 511 U.S. at 837).

While Plaintiff in his motion identifies one inmate to whom Duarte spoke, he does not allege that the inmate made any attempt to harm him, nor does he allege that any other inmate attempted to harm him. Plaintiff's affidavit merely recites that he was moved to the "F-mod"

unit in March 2012, that Duarte has a reputation for "set-ups" on inmates whom he does not like (presumably including Plaintiff) and that Duarte, upset because he had been interviewed by an internal prison inspector concerning an incident which Plaintiff allegedly witnessed, angrily confronted Plaintiff. However, these allegations alone are not sufficient as a constitutional matter to show a "significant risk of irreparable harm," in violation of the Eight Amendment. Burrell, 307 F.3d at 8. Plaintiff does not aver that Duarte harmed him or threatened to harm him, either directly or indirectly through another inmate.

Even as to the allegations that C/O Duarte referred to Plaintiff as a 'snitch,' Plaintiff fails to provide any concrete circumstances suggesting that Plaintiff is facing an emergency or other extreme risk so as to justify mandatory injunctive relief. See L.L.Bean, Inc., 630 F.Supp.2d at 89 ("[M]andatory preliminary relief is subject to heightened scrutiny and should not be issued unless the facts and the law clearly favor the moving party.") (internal quotations omitted); Robinson v. Wall, No. CA 09-277-S, 2011 WL 2418713 (D.R.I. May 11, 2011) (same).

Plaintiff's request that this Court dictate plaintiff's placement or classification in the ACI facility is likewise unlikely to succeed because there is no state-created liberty interest in Rhode Island's prison-inmate classification housing procedure. See Bishop v. State of Rhode Island, 667 A.2d 275, 277 (R.I. 1995) (noting that corrections director "has exclusive and unfettered final discretion over the classification and housing of prison-inmates" in Rhode Island) (citing State v. Dowell, 623 A.2d 37 (R.I. 1993)). Thus, plaintiff's motion and supporting papers show neither a significant risk of irreparable harm nor any substantial likelihood of success on the merits of his claim.

In addition, the requested relief is not in the public interest, since, as noted above, it would impede ACI officials' "unfettered final discretion" over the classification and housing of

4

prison-inmates such as Plaintiff. Id. See Moore v. Wall, No 10-49-ML, 2010 WL 668286 at *2 (D.R.I. Feb. 24, 2010) (Report and Recommendation of Almond, M.J., as adopted by Lisi, J.) (same).

In short, because Plaintiff's motion for transfer fails to meet several of the factors necessary for injunctive relief, that motion must be denied.[3]

## CONCLUSION

Based on the foregoing considerations, Plaintiff's motion for transfer is hereby DENIED.

SO ORDERED:

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge

May 22, 2012

---

[3] In view of Plaintiff's failure to satisfy these requirements for injunctive relief, this Court need not address the remaining factor. See Lyons v. Wall, 431 F.Supp.2d 245, 246 (D.R.I.2006).

5